UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | CR. NO. 19-397 (CKK)(RMM) |
| | : | |
| **MARK A. FLETCHER,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(E) and 18 U.S.C. § 3142 (d)(1)(A)(iii) of the federal bail statute. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

## I. Procedural History

At the initial appearance on December 2, 2019, the government orally moved for detention pending trial pursuant to the above-referenced provisions of the federal bail statute, which was granted by the Court. The Court set a detention hearing for Monday, December 9, 2019. On December 3, 2019, the grand jury returned an indictment charging the defendant with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1).

## II. Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing."

18 U.S.C. § 3142(f).  The parties may proceed by way of proffer and hearsay is permitted.  Id.; United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996).  Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use."  United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986); United States v. Williams, 798 F. Supp. 34, 36 (D.D.C. 1992).  A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery.  Smith, 79 F.3d at 1210, see also Williams, 798 F. Supp. at 36.

There are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release.  See 18 U.S.C. § 3142(g).  A review and understanding of the facts and circumstances in this case require the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community.  Therefore, the defendant should be detained. See 18 U.S.C. § 3142(e)(1).

    **A.** **Nature and Circumstances of the Offenses Charged**

On November 26, 2019, at approximately 2:14 PM, Metropolitan Police Department ("MPD") Fourth District officers responded to 333 Hawaii Avenue, NE, Washington, D.C., for the report of a shooting.  Once on scene, officers came into contact with the defendant inside of the barbershop at the mentioned address.  The defendant was found to be suffering from gunshot wounds to the right side of his chest.  The defendant was transported to an area hospital for

treatment of his injuries.

MPD Detectives Norris and Whittington responded to the scene of the shooting and observed a Gold Dodge Caravan bearing DC Tags EK3890 sitting in front of the 333 Hawaii Ave, N.E., with damage to the front bumper, nine (9) bullet holes concentrated on the passenger side of the windshield, and one (1) bullet hole in the hood of the vehicle. Detective Norris made contact with the driver of the vehicle and learned that the driver and the defendant were driving past Archbishop Carroll High School, located at 4300 Harewood Road, N.E., Washington, D.C., when they stopped at the intersection of 2nd Street, N.E. and Taylor Street, N.E.

At that time, the driver stated that it heard a loud screech of a vehicle and then several gunshots rang out. The driver stated that it ducked down to avoid gunfire before attempting to flee from the intersection. The driver stated that after the gunfire stopped, it noticed that the defendant was struck by gunfire and so the driver drove down Taylor Street, N.E. before coming to a stop in the parking lot of 333 Hawaii Ave, N.E., in front of the 7-Eleven store. According to the driver, the defendant then ran out of the vehicle and into a barbershop located in the shopping center, before collapsing on the floor of the barbershop. Law enforcement officers were able to corroborate the driver's statements through video surveillance obtained from the area of the shooting.

MPD Detective Boehler responded to the hospital to follow-up with the defendant. Detective Boehler learned that the defendant had two gunshot wounds to his body: one to his right upper chest near his right shoulder, and on his right chest below his right armpit. Detective Boehler and Sgt. Modl interviewed the defendant, the substance of which was captured on body worn camera footage. The defendant advised that he has been out of prison for three months and

had been imprisoned in relation to a gun charge. The defendant advised that he met with his probation officer earlier the same day. The defendant largely corroborated the version of events described by the driver. The defendant also denied being a gang member and stated that he does not know who would want to hurt him.

Consent to search and process the vehicle was given by the registered owner of the Dodge Caravan. During the processing of the vehicle, ten (10) bullet fragments were recovered from the front and rear passenger side of the vehicle. A final sweep of the vehicle was conducted to ensure that all evidence was recovered. During this final sweep, a black Glock 27 Gen 4 .40cal with obliterated serial numbers was located underneath a coat behind the driver's seat. The firearm was laying with the barrel facing towards the front of the car with the butt of the handle facing the passenger seat. Notably, the front passenger seat was leaned back to a point where it was mostly in the second row of the vehicle and the recovered pistol would be easily accessible to the front passenger of the vehicle, but difficult for the driver to access the weapon due to the placement of the firearm. The firearm was loaded with one (1) round of ammunition in the chamber and thirteen (13) rounds in the magazine.

On November 27, 2019, the firearm and magazine were submitted to the Department of Forensic Sciences for latent fingerprint examination. The analyst was able to recover a latent print form the left side of the recovered magazine near the base. The fingerprint was identified as belonging to the defendant.

### B.     Weight of the Evidence Against the Defendant

The second factor to be considered, the weight of the evidence, also clearly weighs in favor of detention. The evidence against the defendant is strong. The defendant came to the attention

of law enforcement as the victim of a shooting incident. During the investigation of the shooting, officers recovered a loaded firearm from the vehicle in which the defendant was passenger at the time of the shooting. Due to the circumstances surrounding the recovery of the firearm, including the placement of the gun and the ease of access to the firearm based on the defendant's presence in the vehicle, the defendant was suspected to have been in possession of the firearm. The firearm and magazine were submitted to the Department of Forensic Sciences for latent fingerprint examination and the fingerprint recovered matched the defendant. At the time that it was recovered, the firearm was loaded with one (1) round of ammunition in the chamber and thirteen (13) rounds in the magazine.

      C.      **<u>The Defendant's History and Characteristics</u>**

The third factor, the history and characteristics of the person, similarly weigh in favor of the detention. The nature of the defendant's criminal conduct has remained completely undeterred as evidenced by the defendant being charged by indictment with his second felony offense involving a firearm – this time while on supervision. The defendant has a prior conviction for Unlawful Possession of a Firearm (Prior Conviction) which was disposed of on August 22, 2019. The defendant was released from imprisonment in this matter on August 29, 2019. Additionally, at the time of this offense the defendant was on pretrial release in D.C. Superior Court case number 2019 CMD 14873, with charges of Unlawful Entry and Attempted Threats to Do Bodily Harm. In that case, the defendant failed to report for drug testing and failed to contact Pretrial Services after his release as instructed. The government further directs the Court's attention to additional information contained on page 5 of the defendant's Pretrial Services Agency report, which is relevant to the Court's bond analysis in this matter. The government submits that

the defendant should not be released.

    **D.**    **Danger to the Community**

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. At the time of the charged offense, the defendant was (and remains) on supervised probation in D.C. Superior Court case number 2018 CF2 15445, in relation to a conviction for the same charge in the instant case – Unlawful Possession of a Firearm.

The defendant's supervision in the case began on August 29, 2019, and is scheduled to end on December 28, 2020. According to the Pretrial Services Agency Report, the defendant's compliance has been spotty with alleged violations for suspected drug use, failures to show up for community service orientation and drug testing and failures to obey all laws. Specifically, the instant case represents the defendant second arrest while on supervision for a period of only three (3) months. Three Notices of Non-Compliance/Alleged Violations Reports have been filed in the defendant's supervision case, one of which relates to his failure to charge his GPS device. These matters remain pending before the D.C. Superior Court.

The defendant also has a prior conviction for Attempted Robbery from 2016, for which he received a Youth Rehabilitation Act set aside. In that case, the defendant, along with three accomplices, robbed a convenience store at gunpoint. Thus, the government submits that the defendant presents a clear danger to the community.

### III.  Conclusion

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar No. 472-845

By:       /s/
LISA NICOLE WALTERS
D.C. Bar No. 974-492
Assistant United States Attorneys
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
Telephone: (202) 252-7499
E-mail: Lisa.Walters@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, Steven Brennwald via the Electronic Case Filing (ECF) system, this 6th day of December, 2019.

/s/
Lisa N. Walters
Assistant United States Attorney